

# IN THE
# TENTH COURT OF APPEALS

## No. 10-24-00333-CV

## IN THE INTEREST OF A.I.R.R. AND A.M.R., CHILDREN

**From the 474th District Court
McLennan County, Texas
Trial Court No. 2023-1764-6**

## MEMORANDUM OPINION

The Texas Department of Family and Protective Services ("the Department") filed a petition seeking to terminate Mother's parental rights to A.I.R.R. and A.M.R.[1] Following a bench trial, the trial court terminated Mother's parental rights under Texas Family Code Sections 161.001(b)(1)(D), 161.001(b)(1)(E), and 161.001(b)(1)(O), and found that termination was in the best interest of each child. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(D), (b)(1)(E), (b)(1)(O), (b)(2). Mother's attorney has now filed an *Anders* brief asserting that he diligently reviewed the record and that he believes the appeal to

---

[1] The Department also initially sought to terminate the parent-child relationship between both children and their father; however, at the conclusion of the bench trial, the father was appointed as a joint managing conservator of A.I.R.R. and A.M.R. along with the children's aunt. The father did not appeal.

be frivolous.  *See generally Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re A.S.*, 653 S.W.3d 298 (Tex. App.—Waco 2022, no pet.).  We agree with counsel's assertion that Mother's appeal is frivolous and affirm the judgment of the trial court.

### *Anders* **Brief**

Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.  *See Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).  Counsel has provided us with the appropriate facts of the case and its procedural history, and has discussed why, under controlling authority, there is no reversible error in the trial court's termination order.  *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008).  Further, counsel informed us that he has examined the record and found no arguable grounds to advance on appeal, served Mother with a copy of the *Anders* brief, informed Mother of her right to file a *pro se* response to his brief and her right to review the appellate record, provided Mother with a form motion for *pro se* access to the appellate record lacking only her signature and the date, and notified Mother of her right to request counsel to file a petition for review on her behalf with the Texas Supreme Court.  *See Anders*, 386 U.S. at 744; *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re A.S.*, 653 S.W.3d at 299-300.  By letter, we informed Mother of her right to review the appellate record and to file a response to the *Anders* brief filed by her appellate counsel.  Mother did not file a *pro se* response.

Upon receiving an *Anders* brief, we must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436 (1988). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we affirm the judgment of the trial court terminating Mother's parental rights to A.I.R.R and A.M.R.

**Motion to Withdraw**

Counsel has also filed a motion to withdraw as Mother's counsel. However, a parent's statutory right to counsel under Section 107.013(a)(1) of the Texas Family Code extends through the exhaustion or waiver of "all appeals," including the filing of a petition for review in the Texas Supreme Court. TEX. FAM. CODE ANN. §§ 107.013(a)(1), 107.016(2)(B); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). The Texas Supreme Court has stated that "an *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature." *In re P.M.,* 520 S.W.3d at 27. The filing of the *Anders* brief is the only ground set forth by counsel in his motion to withdraw. We therefore deny counsel's motion, and he remains counsel of record for Mother. Consequently, if Mother, after consulting with counsel, desires to file a petition

for review to the Texas Supreme Court, counsel's obligations can be satisfied by filing "a petition for review that satisfies the standards for an *Anders* brief." *Id.* at 27-28.

## Conclusion

Having found that Mother's appeal is frivolous, we affirm the judgment of the trial court. We deny Mother's counsel's motion to withdraw.


STEVE SMITH
Justice

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed; motion denied
Opinion delivered and filed February 27, 2025
[CV06]

